OPINION
Defendant-appellant, Barbara Parsons, was convicted in Hamilton Municipal Court for failure to maintain an assured clear distance in violation of Hamilton Codified Ordinance 333.03.[1] Appellant was fined $25.
Appellant was involved in a minor traffic accident while driving east on Main Street in Hamilton. There was little or no damage to either vehicle. The other car involved in the accident was driven by Krissie Letner. Appellant was ticketed for an assured clear distance violation and for driving without proof of insurance. The driving without proof of insurance charge was dropped when appellant provided proof that she was an insured driver.
At trial, appellant's and Letner's testimony conflicted. According to Letner, appellant "rear-ended" her while she was stopped at an intersection. Both parties got out of their cars to check for damage. Letner stated that appellant then drove away when Letner returned to her vehicle to get an insurance card. (Although Letner stated that she did not tell appellant she was returning to her vehicle to get an insurance card, Letner did not tell appellant that she was leaving the scene.) When a police officer arrived, Letner explained the above version of events and identified the car appellant was driving. The officer stopped appellant's vehicle a short time later and issued citations for failure to maintain an assured clear distance and failure to carry proof of insurance.
Appellant testified that Letner backed into her while she was stopped at the light. According to appellant, Letner partially drove through a yellow light but stopped because traffic prevented her from clearing the intersection. Letner then backed up and bumped into the front of appellant's car. Appellant testified that because there was no damage to either car, she didn't think there was a need to discuss things further and left the scene. When the officer pulled appellant over a few minutes later, appellant stated that she was asked for insurance information. Appellant did not have proof of insurance with her at the time. The officer issued citations to appellant for failing to maintain an assured clear distance and for driving without proof of insurance. According to appellant, she did not know she was being ticketed for the assured clear distance violation and therefore did not dispute it.
Appellant pled not guilty and was convicted at a bench trial on September 5, 1997. She now appeals, raising as a single assignment of error that the trial court erroneously convicted her of failure to maintain an assured clear distance.
Appellant contends that when the evidence is in "equipoise," the state has not proven guilt beyond a reasonable doubt. Appellant argues that because there were two different versions of the collision, and because there was no corroborating evidence, the trial court simply relied on Letner's testimony and disregarded appellant's testimony. Appellant contends that the trial judge's only reason for not believing her was because she did not protest the ticket, and because she was not aware that she had received the ticket, her conviction is contrary to the manifest weight of the evidence.[2]
The standard of review for manifest weight of the evidence cases is whether the State has "appropriately carried out its burden of persuasion." State v. Thompkins (1997), 78 Ohio St.3d 380, (Cook, J. concurring). In a bench trial, the trial judge acts as the trier of fact. In doing so, it is the trial judge who determines the credibility of the witnesses and the weight of the evidence. State v. Walker (1985), 26 Ohio App.3d 29, 32, certiorari denied (1987), 480 U.S. 916, 107 S.Ct. 1369, citing State v. Dehass (1967), 10 Ohio St.2d 230. An appellate court will not reverse a conviction where there is substantial evidence upon which the court could conclude that all the elements of an offense have been proven beyond a reasonable doubt. State v. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus.
In the case at bar, the trial judge made a determination of the credibility of the witnesses that was well within the parameters of his role as a finder of fact. The trial judge placed great weight on the fact that appellant did not dispute the ticket on the day of the accident. Thus, the judge did not find that the evidence was in "equipoise." It was within the trial court's discretion to decide which version of the events to believe. "It is not the function of an appellate court to substitute its judgment for that of the factfinder," State v. Jenks (1991), 61 Ohio St.3d 259, 279, and we decline to do so now. Appellant's assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] Hamilton Codified Ordinance 333.03 is identical to R.C. Sec.4511.21(A), which states: "No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."
[2] Although appellant characterizes her argument as involving the sufficiency of the evidence, the issue as presented concerns weight of the evidence and will be addressed as such.